**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **DR. PROF. SYED MK HASAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 24-cv-10438-DJC** |
| **EDUCATIONAL COMMISSION FOR** | ) | |
| **FOREIGN MEDICAL GRADUATES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                              **December 6, 2024**

## I.      Introduction

Plaintiff Dr. Professor Syed MK Hasan ("Hasan"), proceeding *pro se*, has filed this lawsuit against Defendants Educational Commission for Foreign Medical Graduates ("ECFMG"), Francine Katz ("Katz"), Katherine Oleyn ("Oleyn") and Cheryl Albold ("Albold") (collectively, "Defendants") alleging that Defendants failed to correct Hasan's medical licensure record and seeking monetary damages and injunctive relief.  D. 1.  Defendants have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).  D. 8.  Defendants have also moved to strike portions of Hasan's response to the motion to dismiss, D. 14.  Hasan has moved for default judgment against Defendant ECFMG for purportedly failing to respond to the complaint.  D. 10. For the reasons stated below, the Court ALLOWS the motion to dismiss, D. 8, and DENIES Hasan's motion for default judgment, D. 10.  The Court ALLOWS Defendants' motion to strike, D. 14, to strike a portion of Hasan's opposition pursuant to Fed. R. Civ. P. 12(f).

## II.     Factual Background

The Court draws the following factual allegations from the complaint, D. 1, and accepts the alleged, "well-pleaded" facts as true for the purpose of resolving the motion to dismiss. Peckham v. Bd. of Selectmen, No. 16-cv-30061-MAP, 2017 WL 2937933, at *3 (D. Mass. Mar. 23, 2017).  Hasan alleges that ECFMG was negligent in its oversight of its employees located in its Philadelphia office who would not correct Hasan's medical record to show that he passed the requisite exams for the years 2003 to 2005.  Id. at 4-5.  Hasan alleges that Katz, a software specialist, Oleyn, ECFMG's in-house counsel, and Albold, ECFMG's Board member, have been taking money to "illegally adulterate" medical licensure accounts, and Oleyn has attempted to "hide the criminal acts."  Id. at 5.  As alleged, the issue concerning Hasan's medical licensure has been pending since August 2003 and he has lost time and income from not being able to practice clinical medicine over the past ten years and his medical career has been damaged as he has been unable to engage in on-going projects with certain U.S. Government laboratories.  Id. at 4-5.

## III.     Procedural History

Hasan filed this action on February 22, 2024.  D. 1.  Defendants moved to dismiss.  D. 8. Hasan filed a motion for default judgment, claiming that Defendants had not timely responded to the complaint.[1]  D. 10.  Defendants also moved to strike portions of Hasan's response to the motion to dismiss, D. 14.

---

[1] Hasan claims that Defendant ECFMG have not timely responded to his motion for an injunction. D. 10 at 1.  There is no basis for default judgment here where Defendants, including ECFMG, filed a timely motion to dismiss on March 29, 2024.  D. 8; Kersey v. Prudential Ins. Agency, LLC., No. 15-cv-14186-GAO, 2016 WL 5419413, at *2 (D. Mass. Sept. 26, 2016) (concluding that default judgment was inappropriate because defendants timely filed a motion to dismiss, which postpones the time in which an answer is due "until 14 days after the motion to dismiss is denied" and citing Fed. R. Civ. P. 12(a)(4)).  Accordingly, the Court DENIES Hasan's motion for default judgment, D. 10.

IV.    **Discussion**

A.    <u>**Standard of Review**</u>

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief." <u>Schatz v. Republican State Leadership Comm.</u>, 669 F.3d 50, 55 (1st Cir. 2012) (citation omitted). Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry. <u>García-Catalán v. United States</u>, 734 F.3d 100, 103 (1st Cir. 2013). First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein. <u>Id.</u> Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit. <u>Id.</u> Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the conduct alleged." <u>Haley v. City of Boston</u>, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted). In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face." <u>García-Catalán</u>, 734 F.3d at 103 (citation omitted).

While the Court must construe a *pro se* litigant's pleadings liberally, "*pro se* plaintiffs, like all other plaintiffs, must comply with the Federal Rules of Civil Procedure." <u>Koplow v. Watson</u>, 751 F. Supp. 2d 317, 320-21 (D. Mass. 2010).

B.    <u>**The Complaint Fails to Comply With the Pleading Requirements**</u>

Defendants argue, among other things, that Hasan's complaint should be dismissed because he fails to set forth sufficient factual allegations and a cogent legal theory to provide defendants with notice of the claims against them in violation of Fed. R. Civ. P. 8. D. 9 at 9. Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550

U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  To be sure, "the requirements of Rule 8(a)(2) are minimal—but 'minimal requirements are not tantamount to nonexistent requirements.'"  <u>Educadores Puertorriqueños en Acción v. Hernandez</u>, 367 F.3d 61, 68 (1st Cir. 2004) (quoting <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 514 (1st Cir. 1988)).  Accordingly, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally."  <u>Id.</u>  Where, as here, "a plaintiff brings a claim against multiple defendants, the plaintiff must . . . draft his complaint in such a manner that it is clear what the alleged factual allegations and legal claims are against each individual defendant."  <u>Burnham v. Dudley Dist. Ct.</u>, No. 15-cv-40031-DHH, 2015 WL 5698418, at *5 (D. Mass. Sept. 28, 2015).

Here, Hasan's complaint, which contains few detailed allegations, fails to comply with the notice pleading requirements under Rule 8(a).  D. 1.  As an initial matter, Hasan does not assert or specify what legal claims he is bringing against the Defendants.  <u>Id.</u>  It appears from the complaint that he is seeking injunctive relief for purported negligent and unethical conduct by the Defendants.  <u>See</u> <u>id.</u> at 4-5; D. 12 at 1.  Hasan's bare and conclusory assertions, however, do not provide sufficient facts to allow the Court to draw a reasonable inference that any of the Defendants allegedly acted negligently or that Hasan is entitled to injunctive relief.  <u>See</u> D. 1 at 4-5; <u>DuBois v. Alves</u>, No. 22-cv-11203-RGS, 2022 WL 4376041, at *4 (D. Mass. Aug. 22, 2022) (reasoning that plaintiff's complaint and general allegations did not comply with the pleading requirements as it failed to provide enough facts for the court to conclude that defendants violated plaintiff's constitutional rights), <u>appeal dismissed</u>, No. 22-1704, 2022 WL 19078141, at *1 (1st Cir. Dec. 22, 2022).  For example, Hasan's sole allegation that ECFMG was negligent in its oversight of its employees concerning proper procedure and protocols and Oleyn attempted to "hide the criminal

acts" of changing medical licensures by ECFMG employees, are vague and conclusory and do not contain any factual support.  See D. 1 at 4-5.  Even construing Hasan's allegations as providing notice that the individual defendants Katz, Oleyn and Albold are alleged to have been involved in "malfeasance" by "taking money to illegally adulterate medical licensure accounts,"  id., it is not clear from the complaint what claim Hasan is bringing against these defendants.  See Rodríguez v. Doral Mortg. Corp., 57 F.3d 1168, 1171 (1st Cir. 1995) (recognizing that defendants have an "inalienable right to know in advance the nature of the cause of action being asserted against [them]").  As a result, Hasan fails to state a claim upon which relief can be granted because Hasan fails to allege what claims are brought against each of the Defendants, and therefore, Defendants have no "meaningful opportunity to mount a defense," against Hasan's allegations, as they have no adequate notice of their purported wrongdoing.  See Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123-25 (1st Cir. 2004) (quoting Rodríguez, 57 F.3d at 1172)).  Accordingly, Hasan has failed to satisfy the minimum standard of pleading under Fed. R. Civ. P. 8(a).  See Pasholikova v. Simon Co., No. 17-cv-10632-NMG, 2017 WL 11707932, at *2 (D. Mass. Aug. 16, 2017) (reasoning that the complaint did not meet the requirements of Rule 8(a)(2) because the complaint failed to identify the alleged acts of misconduct by each of the defendants); Peckham, 2017 WL 2937933, at *3 (reasoning that the complaint failed to meet the pleading requirements under Rule 8(a)(2) because the complaint failed to "sufficiently identify the objectionable conduct of [defendants] or the theory under which [p]laintiffs seek to hold them liable").

Moreover, to the extent that Hasan is attempting any negligence claims against any of the Defendants, his factual allegations are not plausibly stated as a claim for negligence must plausibly allege a defendant's legal duty to the plaintiff, a breach of that duty, a causal connection between the defendant's alleged breach, plaintiff's alleged injury, and damage, D. 9 at 12 (citing Fekete v.

Nat'l R. R. Passenger Corp., No. 11-6570, 2011 WL 5572626, at *2 (E.D. Pa. Nov. 16, 2011));
see D. 9 at 12-15.

Given the Court's conclusion, Hasan does not satisfy the requirements for injunctive relief.
"To secure a preliminary injunction, [plaintiff] must show (1) a substantial likelihood of success
on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable
balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public
interest." DuBois, 2022 WL 4376041, at *5 (internal quotation marks and citation omitted). The
most important of the four factors is a showing of a likelihood of success on the merits. Id.; D. 9
at 16-17. The standard for showing a likelihood of success on the merits is higher than the
plausibility standard for a claim to survive a Rule 12(b)(6) motion to dismiss. Ayoub v.
CitiMortgage, Inc., No. 15-cv-13218-ADB, 2018 WL 1318919, at *8 (D. Mass. Mar. 14, 2018)
(noting that even where some of the plaintiff's claims survived the motion to dismiss, "it does not
necessarily follow that [plaintiff] has demonstrated a likelihood of success on the merits"). That
is, "[a]s a matter of law, a plaintiff who has failed to state a claim for relief cannot show a likelihood
of success on the merits of his claim." Peckham, 2017 WL 2937933, at *5 (denying request for
injunctive relief where the Court allowed the motion to dismiss the complaint). As discussed,
Hasan has not plausibly alleged claims against Defendants and, therefore, he fails to meet even the
first prong of the requisite showing for injunctive relief and, therefore, the Court need not reach
the other requisite prongs for such relief.

For all of the aforementioned reasons, the Court allows Defendants' motion to dismiss and
denies the injunctive relief that Hasan was seeking.

### C.    **The Court Strikes a Portion of Hasan's Opposition Pursuant to Rule 12(f)**

As Defendants correctly points out, "Rule 12(f) endows this court with 'considerable
discretion' to strike any redundant, immaterial, impertinent, or scandalous material.'" Autila v.

<u>Mass. Bay Trans. Auth.</u>, 342 F.R.D. 23, 31 (D. Mass. 2022) (internal citations omitted).  The material that Defendants seek to strike, paragraphs 3-8 from Hasan's opposition, D. 12 at 1-2; <u>see</u> D. 14-1 at 2-3,  is at least immaterial, <u>see id.</u> (defining "immaterial" as a statement that "has no essential or important relationship to the claim for relief") since it concerns allegations that appear to bear no relationship to his allegations or the Defendants against whom Hasan asserts his claims. Accordingly, the Court allows the motion to strike and these portions of D. 12 are struck, but the remainder of D. 12 shall remain on the docket and the Court considered same in the resolution of the motion to dismiss.

## V.    Conclusion

For the foregoing reasons, the Court ALLOWS Defendants' motion to dismiss, D. 8, and dismisses Hasan's complaint, D. 1, without prejudice.  The Court DENIES Hasan's motion for default judgment, D. 10, and ALLOWS Defendants' motion to strike,  D. 14.

Hasan may file an amended complaint that cures the deficiencies set forth in this Order and complies with the pleading standards of Fed. R. Civ. P. 8(a) by January 10, 2025.  In the amended complaint, Hasan should, in numbered paragraphs, lay out the alleged factual basis for the legal claims against each defendant, along with the basis for such claims.  In other words, he should set forth minimal facts as to who did what to whom, when, where, and why.  Hasan should not assert claims collectively against the defendants, but rather should separately parcel out the claims against each defendant.  Failure to comply with this Order and the applicable Federal Rules of Civil Procedure will likely result in dismissal of this action.

**So Ordered.**

/s Denise J. Casper
United States District Judge